UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SUNLIGHTEN, INC., <br><br> Plaintiff, <br><br> v. <br><br> FINNMARK DESIGNS, INC., <br><br> Defendant. | Case No. 2:20-cv-00127-JAD-EJY <br><br> **ORDER** |

Pending before the Court is Defendant's Motion to Compel Plaintiff's Supplemental Discovery Responses and for Award of Sanctions under Fed. R. Civ. P. 37. ECF No. 36. The Court has considered Defendant's Motion, Plaintiff's Response (ECF No. 45), Defendant's Reply (ECF No. 46), and all exhibits attached therein. The Court finds as follows.

**I.  BACKGROUND**

Plaintiff filed this patent infringement case on January 17, 2020. ECF No. 1. The Court granted the parties' proposed scheduling order on April 21, 2020. ECF No. 22. The discovery cut-off date was set for April 1, 2021. *Id*. at 2.

On October 14, 2020, Defendant served Plaintiff its First Set of Requests for Production of Documents, First Set of Interrogatories, and First Set of Requests for Admission. *See* ECF No. 36-2 at 1 (Declaration of Ryan Giles, Defendant's counsel). The parties agreed to two extensions of time to respond to the requests, making them due on December 4, 2020. *Id*. Plaintiff served its responses on December 4, 2020. *Id*. at 2. Defendant took issue with many of the responses and sent Plaintiff a letter outlining alleged deficiencies on December 15, 2020. *Id*. The parties met and conferred on December 23, 2020, and Plaintiff agreed to provide specific supplemental responses to Defendants' discovery requests on or before January 22, 2021.[1] *Id*. Plaintiff did not produce any supplemental responses by that date. A week later, Defendant filed this Motion to Compel.

---

[1] Specifically, Plaintiff agreed to supplement its responses to Defendant's Request for Production Nos. 7, 9, 10, 16, 17, 18, 25, 26, 28, 29, 30, 32, 33, 34 ,35, 36, 39, 40, 41, and 43; Interrogatory 11; and Request for Admission Nos. 6, 7, 8, 9, 12, 13, 14, 15, 16, and 18.

1

Plaintiff contends that Defendant's Motion was filed unnecessarily. Plaintiff acknowledges that it agreed to supplement its responses to Defendant's requests, but "[d]ue to logistical challenges in connecting with the client during the holidays coupled with deadlines in other cases, Plaintiff was unable to supplement its responses by January 22, 2021." ECF No. 45 at 3. Plaintiff contends that, had Defendant "pick[ed] up the phone and call[ed] Plaintiff's counsel to ask about the responses," Plaintiff's counsel would have informed it that the supplemental responses and documents were "forthcoming." *Id*. at 3. Nevertheless, Plaintiff asserts that on February 19, 2021, Plaintiff served "the vast majority of the supplemental responses requested by Defendant." *Id*. at 4. Plaintiff served further responses on March 5, 2021. *Id*. Plaintiff did not cite any legal authority in its Response.

Defendant's Reply concedes that Plaintiff has provided the discovery it sought to compel. ECF No. 46 at 4. However, Defendant insists that it should be awarded reasonable fees and costs incurred for filing the Motion.

## II. DISCUSSION

Federal Rule of Civil Procedure 37(a)(3) permits parties to move to compel disclosure or discovery if the other party "fails to make a disclosure required by Rule 26(a)," "fails to answer an interrogatory submitted under Rule 33," or "fails to produce documents . . . as requested under Rule 34." [A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

If the Court grants a motion to compel, "or if the disclosure or requested discovery is provided after the motion was filed . . . the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). But the Court *must not* order this payment if, among other things, "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action." Fed. R. Civ. P. 37(a)(5)(A)(i).

The Court finds that the meat of this dispute is now moot: Plaintiff has provided the supplemental discovery responses at issue. The only thing remaining is to determine whether Plaintiff shall be required to pay for the fees and costs Defendant incurred in filing this Motion.

Defendant points to its good faith efforts to resolve this dispute without court intervention by sending Plaintiff a letter outlining its position on discovery deficiencies on December 15th and conferring about the deficiencies on December 23rd. Plaintiff does not dispute any of these efforts. Nor does Plaintiff cite any legal authority to support its contention that an award of attorney's fees should be denied under these circumstances. It merely complains that Defendant should have followed up again after Plaintiff missed its deadline to supplement. The Court will not impose that requirement on Defendant. If Plaintiff was unable to respond within the deadline that the parties mutually set, it was Plaintiff's responsibility to inform Defendant of the need for an extension. It is not Defendant's responsibility to consistently remind Plaintiff to stick to mutually agreed-upon deadlines. The Court therefore finds that Plaintiff must pay Defendant's fees and costs associated with filing this Motion to Compel.

### III. ORDER

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Compel (ECF No. 36) is **DENIED** as moot.

IT IS FURTHER ORDERED that Plaintiff shall be required to pay reasonable fees and costs incurred by Defendant for bringing its Motion to Compel.

IT IS FURTHER ORDERED that Defendant shall submit a memorandum of fees and costs incurred in bring the Motion to Compel detailing the activities, hours spent (in tenths of hours), and the rate charged by each attorney who worked on the Motion. Appropriate redactions from billing records for attorney client privilege and/or work product may be made for the public filing with non-redacted copies of such records filed under seal. Defendant shall also submit to the Court records evidencing the costs incurred relating to the Motion. Plaintiff shall have 14 days to file a response, if any is desired. No reply shall be permitted by Defendant.

Dated this 4th day of May, 2021

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE