UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SUNLIGHTEN, INC., | Case No. 2:20-cv-00127-JAD-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| FINNMARK DESIGNS, INC., | |
| Defendant. | |

Before the Court is Defendant Finnmark Designs, LLC's ("Defendant") Memorandum of Fees in Support of Award of Sanctions Under Fed. R. Civ. P. 37 ("Memorandum") (ECF No. 51). Plaintiff Sunlighten, Inc. filed a Response to Defendant's Memorandum of Fees in Support of Award of Sanctions Under Fed. R. Civ. P. 37 ("Response") (ECF No. 59). The full background leading to Plaintiff's Memorandum is found in the Court's May 4, 2021, Order (EFC No. 49). This background is not repeated here.

**I.  DISCUSSION**

    A.    <u>Attorneys' Fees</u>

The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination ... regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)). When considering reasonable attorney's fees, the Court must review the "prevailing market rates in the relevant community" comparing hourly rates charged by "lawyers of reasonably comparable skill, experience and reputation." *Soule v. P.F. Chang's China Bistro, Inc.*, Case No. 2:18-cv-02239-GMN-GWF, 2019 WL 3416667, at \*1 (D. Nev. July 26, 2019) (quoting *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984)). This is a two-step process requiring the Court to first "calculate the lodestar figure by taking the number of hours reasonably expended on the" motion at issue and multiplying that number "by a reasonable hourly rate." *Fischer v. SJP-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) (citing

1

*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (internal quotation marks omitted). The second step requires the Court to consider adjusting the lodestar upward or downward, something done "only on rare and exceptional occasions, … using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Soule*, 2019 WL 3416667, at *1 (citing *Van Gerwin v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000)) (internal brackets removed).

Here, Defendant asks the Court to find hourly rates of $300 for Mr. Gile and $110 for his paralegal/law clerk. ECF No. 51 at 3. Plaintiff does not argue that these rates are unreasonable. Given that Defendant cited multiple examples in cases where this Court allowed similar rates and Plaintiff did not raise the rates as an issue in the Response, the Court finds these rates to be reasonable.

B. <u>Time Billed</u>

"District courts possess the necessary discretion to adjust the amounts awarded to address excessive and unnecessary effort expended in a manner not justified by the case." *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006). This includes "time spent reviewing work of other attorneys as duplicative" (*Melancon v. Harrah's Entertainment, Inc.*, Case No. 2:08-cv-00212-RCJ-RJJ, 2010 WL 11639687, at *4 (D. Nev. Feb. 26, 2010)), as well as entries on time reports that fails "to delineate what work was performed in each entry" and thus appear duplicative. *American General Life Ins. Co. v. Futrell*, Case No. 2:11-cv-00977-PMP-CWH, 2012 WL 4962997, at*4 (D. Nev. Oct. 16, 2012). Ultimately, when reviewing hours claimed by the party to whom fees have been awarded, the Court may exclude hours arising from overstaffing, duplication, excessiveness or that are otherwise unnecessary. *See, e.g., Hensley*, 461 U.S. at 433; *see also Cruz v. Alhambra School Dist.*, 601 F.Supp.2d 1183, 1191 (C.D. Cal. 2009). Finally, it is always Plaintiffs' burden to establish that the fees they seek are reasonable. *Soule*, 2019 WL 3416667, at *1 (citing *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008)).

Defendant seeks to recover attorneys' fees for 42.7 billable hours at the above hourly rates of $300 for attorney time and $110 for paralegal/law clerk time. ECF No. 51-1 at 4. Defendant provided a detailed list of tasks in Exhibits A and B of the Memorandum. *See* ECF No. 51-1 at 3 to 4, ECF No. 51-2. The Court finds that not all of this time is recoverable. In the prior Order (ECF

No. 49), the Court ordered that "Plaintiff shall be required to pay reasonable fees and costs incurred by Defendant for bringing its Motion to Compel [(ECF No. 36)]." ECF No. 49 at 3. The entries on December 4, 2020 (review responses to discovery for a total of .6 or $180.00); December 13, 2020 (email exchange between defense counsel and his paralegal for .2 or $60.00); December 13, 2020 (review responses to discovery for a total of .5 or $112.00); and, December 15, 2020 (email to client for a total of .2 or $60.00) are not sufficiently related to the Motion to Compel to justify requiring Plaintiff to pay these fees.

Defendant is correct that a party moving for attorneys' fees may also recover fees for the time expended in filing a motion for attorneys' fees. *SOC-SMG, Inc. v. Christian & Timbers, LLC*, Case No. 3:08-CV-00392-ECR-VPC, 2010 WL 2085076, at *7 (D. Nev. May 20, 2010) (citing *Anderson v. Dir., Off. Of Workers Comp. Programs*, 91 F.3d 1322, 1325 (9th Cir. 1996)). However, the Court also has discretion "to reduce fees-on-fees to the extent of the applicant's success on the underlying fees." *SOC-SMG, Inc.*, 2010 WL 2085076, at *7 (citing *Thompson v. Gomez*, 45 F.3d 1365, 1368 (9th Cir. 1995)).

In determining the final amount of attorneys' fees owed to Defendant, the Court first removes all of the above disallowed entries from the calculation. The Court also disallows two entries that do not contain descriptions, totaling $210.00. *See* ECF No. 51-2 at 17, 27. This decreases the amount provided by Defendant by $622.00, leaving the total amount spent on the Motion to Compel as $5,066.00 (as opposed to the Defendant's calculation of $5,688.00). This represents approximately 90% of the Defendant's request for the underlying fees. Using the fees-on-fees rule from *Thompson*, the Court reduces the Defendant's calculation for the value of work on the Memorandum to $1,912.50 (as opposed to Defendant's calculation of $2,125.00). Adding the value of the work on the Motion to Compel to the value of the work on the Memorandum, the Court arrives at a grand total of $6,978.50.

  C. <u>Party Responsible to Pay Sanction</u>

Defendant requests the Court hold Plaintiff and Plaintiff's counsel jointly and severally liable for the attorneys' fees award. ECF No. 51 at 8. Rule 37(a)(5) sanctions may be issued against a party, a party's attorney, or both. Fed. R. Civ. P. 37(a)(5). The Court therefore has authority under

Rule 37 to award fees against a party and its counsel jointly and severally. *See, e.g.*, *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1387 (9th Cir. 1988). Responsibility may fall to both the party and counsel jointly and severally when it is unclear from the record which is less blameworthy than the other. *Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D.327 (D. Nev. 2016). Nonetheless, sanctions against counsel are a step too far for this Court to take. There is nothing that Defendant presents showing that Plaintiff's counsel is responsible for Plaintiff's delay in producing discovery documents. For this reason, the Court awards sanctions against Plaintiff only.

**II.    ORDER**

Accordingly,

IT IS HEREBY ORDERED that the Memorandum of Fees in Support of Award of Sanctions Under Fed. R. Civ. P. 37 (ECF No. 51) is GRANTED in the amount of $6,978.50.

IT IS FURTHER ORDERED that Plaintiff shall pay this amount to Defendant's Counsel within thirty (30) days of the date of this Order.

Dated this 15th day of July, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE