UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SUNLIGHTEN, INC,<br><br>        Plaintiff,<br><br>v.<br><br>FINNMARK DESIGNS, LLC,<br><br>        Defendant. | Case No. 2:20-cv-00127-CDS-NJK<br><br>ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO STRIKE JURY DEMAND<br><br>(ECF No. 85) |

      This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*, and the trademark laws of the State of Nevada. Sunlighten, Inc. ("Sunlighten") alleged infringement of its infrared sauna patents, unfair competition, false designation of origin, and trade dress infringement under the Lanham Act, deceptive and unfair trade practices, trademark infringement and unfair competition under Nevada common law. *See generally* Complaint, ECF No. 1. Plaintiff included a demand for jury trial in the complaint, ECF No. 1 (demanding jury trial in the caption), and the Defendant included the same demand for a jury trial in their answer, ECF No. 14.

      Now before the Court is Defendant Finnmark Designs, LLC's ("Finnmark") Motion to Strike Sunlighten, Inc.'s Jury Demand. ECF No. 85. In support of their motion, Finnmark asserts that, following the Court's ruling on summary judgment, ECF No. 77, there are no longer any issues triable to a jury in this case. ECF No. 85 at 7. They contend that an injunction and/or disgorgement of profits does not give rise to the right to a jury trial for trademark infringement under the Lanham Act and that, after this Court's decision denying Plaintiff the ability to seek legal damages at trial on that cause of action, the only remedies that Plaintiff may seek at trial are equitable remedies (disgorgement of profits and injunctive relief). *Id.*

Sunlighten's response was timely filed on August 2, 2022. ECF No. 88. In their response, Sunlighten submits that while Finnmark's Answer to the Complaint also included a demand for a jury trial, it should have been clear that that demand is withdrawn, or the extent it was not clear, opposing counsel could have resolved the issue by way of an email or telephone call. *Id.* Sunlighten's response does not disagree that a bench trial is appropriate at this juncture.[1] *See id.* at 2 (stating that "based on Defendant's withdrawal of its jury demand, Plaintiff also hereby withdraws its request for a jury trial").

Federal Rule of Civil Procedure 39(a) allows a court, on motion or on its own, to find that there is no federal right to a jury trial on some or all issues present in a case. Fed. R. Civ. P. 39(a). After the Court's decision granting summary judgment, *see* ECF No. 77, there is no federal right to a jury trial on the remaining claims that Sunlighten may seek at trial.

Accordingly, there is no reason to deny Finnmark's motion to strike, especially given that the motion is unopposed.

IT IS HEREBY ORDERED that Finnmark's Motion to Strike Plaintiff Sunlighten, Inc.'s Jury Demand (ECF No. 85) is GRANTED.

The Court strikes Plaintiff Sunlighten, Inc.'s jury demand. Furthermore, the Court grants Defendant Finnmark's request to withdraw its jury demand.

IT IS SO ORDERED.

DATED this 11th day of August 2022.

_____
Cristina D. Silva
United States District Judge

---

[1] Although there is no specific requirement that the parties meet and confer prior to filing a motion to strike, counsel is reminded to make attempts to resolve issues prior to filing any motion.