JONATHAN D. BLUM, ESQ.
Nevada Bar No. 09515
**WILEY PETERSEN**
1050 Indigo Drive, Suite 200B
Las Vegas, Nevada 89145
Telephone:  (702) 910-3329
Facsimile:  (702) 553-3467
Email:  jblum@wileypetersenlaw.com

JAMES J. KERNELL, ESQ. *(Pro Hac Vice)*
Kansas Bar No. 19559
KYLE D. DONNELLY, ESQ. *(Pro Hac Vice)*
Kansas Bar No. 25531
**AVEK IP, LLC**
8900 State Line Road, Suite 500
Leawood, Kansas 66206
Telephone:  (913) 549-4700
Facsimile:  (913) 549-4646
Email:    jkernell@avekip.com

       kdonnelly@avekip.com

*Attorneys for Plaintiff Sunlighten, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

SUNLIGHTEN, INC.,

                    Plaintiff

        v.

 FINNMARK DESIGNS, LLC,

                    Defendant

**Case No.: 2:20-cv-00127-CDS-NJK**

**JOINT PRETRIAL ORDER**

After pretrial proceedings in this case,

IT IS ORDERED:

I.

**A.  Plaintiff's Statement of the Case**

This is an action for unfair competition and false designation of origin under 15 U.S.C. § 1125(a), violation of Nevada Deceptive Trade Practices Nevada Revised Statute 598, and Trademark Infringement and Unfair Competition under Nevada common law.

**1.  Sunlighten's Contentions**

Sunlighten has been in business since 1999 and has focused its business on creating wellness products and services that enable consumers to improve their quality of life.  Sunlighten is known for its unique and innovative sauna designs along with other wellness products.  Based in Overland Park, Kansas, Sunlighten is a leader in the sauna market and is a consistent innovator when it comes to infrared-based saunas and heaters.  A major factor that has allowed Sunlighten to surpass competitors is the way in which they construct their saunas.  Each sauna is made to be over 30% thicker than the industry standard while the wood and process that they use to construct them is meant to be environmentally friendly.

Sunlighten's industry-leading approach to the design and manufacturing of quality saunas has resulted in intellectual property protection for its innovations, including utility patents, design patents, trademarks, and trade dress protection.  Sunlighten's innovations have resulted in emulation by its competitors, who have attempted to capitalize on Sunlighten's success by imitating its innovative and distinctive product designs. Such is the case with the present lawsuit. Finnmark has copied Sunlighten's proprietary, patented sauna designs.  Not only has Finnmark copied the designs, but it has used a confusingly similar trademark and trade dress to lure consumers into purchasing its saunas believing them to be Sunlighten saunas.

Sunlighten has used the Empower trademark for saunas continuously and exclusively since 2009.  Sometime in 2019, Finnmark began importing and selling saunas marked with the Empower trademark.  Upon learning of Finnmark's use of the Empower trademark with its saunas,

Sunlighten sent Finnmark a letter dated January 21, 2020 demanding that Finnmark immediately cease use of Empower or any confusingly similar name, in any manner associated with saunas. Sunlighten also demanded that Finnmark:  (1) promptly inform in writing its dealers, distributors, retailers, or any other entity which sells Finnmark saunas to immediately cease use of Empower or any confusingly similar name, in any manner associated with its saunas and destroy all printed materials which include Empower; (2) within 14 days, provide a complete accounting of all Finnmark Infringing Saunas ordered, imported, sold, and in inventory, including the name and address of the manufacturer, importer, seller, and the location of the sales or units in inventory; (3) pay a royalty of 25% of the retail sales price for all Finnmark Infringing Saunas already sold; (4) destroy all Finnmark Infringing Saunas in inventory; and (5) cease all future importation of Finnmark Infringing Saunas.  Shortly thereafter Finnmark removed Empower from its website, thereby admitting that it was infringing Sunlighten's trademark, but refused to comply with any of the other demands.  Finnmark has refused to stipulate and swear that it will not use the Empower trademark, or any confusingly similar trademark with sales of its saunas in the future.

Before it ceased infringement of the Empower trademark, Finnmark sold 800 saunas under the Empower name at a profit of $100 each for a total profit of $80,000.  Finnmark sold an additional 18 saunas under the Empower name at a retail price of $3,795 each for a total of $68,310.  When Finnmark entered into the sauna market in 2019, it knew of Sunlighten and Sunlighten's use of Empower for its saunas.

When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 1125(a) or (d) of this title, or a willful violation under section 1125(c) of this title, shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled, subject to the provisions of sections 1111 and 1114 of this title, and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action.  The court shall assess such profits and damages or cause the same to be assessed under its direction.  **In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost**

3

**or deduction claimed.**  In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount.  If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case . . . (emphasis added). 15 U.S.C. § 1117(a).

### B. Defendant's Statement of the Case

Defendant FINNMARK DESIGNS, LLC ("Finnmark") sets forth the following statement of the nature of this action.

### 1. Nature of the Action:

This action commenced when Sunlighten sued Finnmark claiming infringement of two design patents, trade dress infringement, and both federal, state, and common law claims relating to alleged infringement of an unregistered trademark in the word Empower for saunas.

After both parties filed motions for summary judgment, this Court held:

- Both design patents were invalid as anticipated by Sunlighten's sales of saunas covered by those patents more than one year before the effective filing date of both patents. This holding was based on those patents not being entitled to the filing date of earlier patent applications.  (ECF No. 77 at 9-14.)  Therefore, Finnmark was granted judgment on Counts 1 and 2 of Plaintiff's Complaint.

- Sunlighten had not presented sufficient proof to raise a genuine issue of fact as to whether its trade dress had attained secondary meaning.  (ECF No. 77 at 14-18.)  Therefore, Finnmark was granted judgment on Count 4 of Plaintiff's Complaint, as well as Counts 5 and 6 to the extent that they were based on trade dress infringement.  (ECF No. 77 at 18 n.73.)

- Sunlighten had not presented sufficient proof to raise a genuine issue of fact as to whether it had suffered any actual damages related to Finnmark's alleged infringement of Sunlighten's Empower mark.  Therefore, the Court held that

Finnmark was entitled to partial judgment on Sunlighten's trademark damages claim.  (ECF No. 77 at 20.)

- This Court held that this case will proceed to trial on trademark infringement claims seeking disgorgement of profits and injunctive relief relating to Sunlighten's alleged Empower trademark.  (ECF No. 77 at 2, 21, 23.)

## 2.  Finnmark's Contentions

Finnmark contends that Sunlighten cannot prove any trademark rights in and to the word Empower, which was not a registered trademark during the relevant timeframe and was only used to identify the largest one of Sunlighten's five specific models of mPulse saunas (using the letters A through E for these five sub-models, Sunlighten used the words Aspire, Believe, Conquer and Discover as the sub-model names of its other mPulse series saunas).  Sunlighten's marketing of the Empower sub-model of its mPulse® sauna contains nothing to identify or suggest "Empower" as a unique distinctive trademark, and identifies the sauna as "mPulse® Empower," where the trademark is clearly mPulse and the word Empower is merely just a sub-model name (one of five different ones used by Sunlighten to separate and distinguish the five different types of mPulse saunas).  Indeed, the specific Empower sub-model was used in connection with Sunlighten's largest mPulse sauna – a 5-person sauna (a sauna size that Finnmark did not even sell).

Finnmark further contends that Sunlighten cannot show a likelihood of confusion using the eight-factor test of *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979).  Based on the different ways the parties used the word Empower, the weakness of the mark at issue, the parties' different marketing channels, and the degree of care exercised by consumers of the goods, a reasonably prudent consumer in the marketplace would not have mistakenly affiliated Finnmark's sauna with Sunlighten.

Finnmark was organized in September 2019.  Finnmark manufactured and imported these saunas as part of a manufacturing agreement with Influence Sauna (a non-party to this case).  When promoted by Influence Sauna through online influencer Robyn Openshaw, the saunas sold were identified by the name "Empower."  Sales by Influence Sauna began November 7, 2019.

Finnmark also promoted the saunas on its website where it identified the saunas by the same name "Empower." Finnmark's first sale was on November 18, 2019.

On January 22, 2020, one day after Sunlighten's counsel sent a letter advising Finnmark that it considered Finnmark's use of Empower to infringe its trademark in that name, Finnmark ceased using the name Empower. Influence Sauna stopped using the name Empower within days (by January 27, 2020) of Sunlighten's notice. Neither Finnmark nor Influence Sauna resumed using the name Empower and have no intent to do so. The use of the name Empower in connection with Finnmark's saunas was for no more than 81 days in total. From November 2019 to January 27, 2020, Influence Sauna made 573 direct sales of saunas under the Empower name. The total gross profit earned by Finnmark from Influence Sauna's 573 sales was $57,300 based on the $100 per sauna tech fee earned by Finnmark for its role as an import broker for the saunas sold by Influence Sauna. From November 2019 to January 22, 2020, Finnmark made 14 direct sales of saunas. The total gross profit earned by Finnmark from its 14 sales was $41,490 (gross sales of $55,130.00 minus $13,640.00 cost of goods sold).

Finnmark further claims that Sunlighten cannot prove that, under the principles of equity governing disgorgement, Sunlighten is entitled to disgorgement of Finnmark's profits. Mr. Gordon, the CEO of Finnmark, was not aware that Sunlighten claimed any trademark rights in Empower and had no reason to conclude that it did – the name was selected after seeing the name "Empower Field" in Denver, Colorado. Sunlighten used Empower as the sub-model name of one of five different size saunas that it sold under its mPulse® line. While Sunlighten had applied to register the name Empowering Wellness, it had not applied to register Empower, itself, as a trademark, and thus there was no constructive notice of Sunlighten's alleged trademark rights. Moreover, there was no impact on sales of Finnmark's sauna after it stopped using the name, which demonstrates that Influence Sauna and Finnmark did not benefit from their usage of the name Empower.

Finnmark further claims that its gross profit on its sales of saunas that used the name Empower from November 2019 to January 22, 2020 was less than $100,000. That is because most

of the sales were through Influence Sauna, to which Finnmark served as a broker for the importation of the saunas sold by Influence Sauna and only receiving a $100 tech fee for each sauna sale by Influence Sauna.  In that agreement, Finnmark identifies the saunas being imported for Influence by various specific unique model numbers, and does not use the name Empower in identifying the saunas.  Finnmark made only 14 direct sales of saunas and did not sell any other products during the relevant timeframe.  Moreover, the less than $100,000 gross profit does not take into account allocable overhead or general and administrative expenses.  Once these are taken into account, there was no net profit that Finnmark realized on these early sales when Finnmark was still in its startup phase.

Finally, Finnmark contends that a permanent injunction against any future use of Empower in connection with Finnmark's sales or offers for sale of saunas is unwarranted.  First, Finnmark ceased using the name Empower in January 2020 and there is no indication or evidence that it intends to resume using the name.  Given that nearly 3 years have gone by where Finnmark has not used (or given any indication of an intent to resume use) the name Empower, Sunlighten cannot show a genuine threat of continuing infringement that this Court must enjoin through a permanent injunction.  More importantly, however, Sunlighten ceased selling the Empower sub-model of the mPulse® sauna in December 2021.  If Sunlighten is no longer even using the purported trademark that is serving as the basis for its request for injunctive relief, then there is no longer any threat of continuing infringement or irreparable harm for this Court to enjoin.

## II.

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and (b); and 28 U.S.C. § 1367.

This Court has personal jurisdiction over Defendant because Defendant is a Nevada company and conducts business within this State and this District.

III.

The following facts are admitted by the parties and require no proof:

1.      Garrett Gordon is the sole member of Finnmark Designs, LLC, a Nevada limited liability company ("Finnmark").

2.      In early November 2019, Finnmark entered into a manufacturing agreement with Influence Sauna.

3.      Three types of sauna models were part of the manufacturing agreement – accommodating 1, 2 and 3 persons.

4.      Influence Sauna sold saunas to consumers through the promotional efforts of online influencer Robyn Openshaw.

5.      The three sauna models sold by Influence Sauna were identified as Empower Hybrid, Empower 2-3, and Empower 3-4.

6.      Under the manufacturing agreement, Finnmark manufactured and imported the saunas that Influence Sauna sold to consumers.

7.      For its role as a broker for the importation of the saunas sold by Influence Sauna, Finnmark received a tech fee of $100 per sauna.

8.      Sales of saunas by Influence Sauna began November 7, 2019.

9.      Finnmark also promoted the saunas on its website where it identified the saunas by the same three names as Influence Sauna – Empower Hybrid, Empower 2-3, and Empower 3-4.

10.     Finnmark's first direct sale of one of these saunas – the Empower 2-3 – was on November 18, 2019.

11.     On January 21, 2020, after it filed its Complaint in this action, Sunlighten sent a letter to Finnmark notifying Finnmark that Sunlighten believed that Finnmark was infringing on its trademark Empower for saunas.

8

12.     Upon receipt of Sunlighten's letter, Finnmark took steps to cease all use of Empower in connection with the saunas it was selling on its website and notified Influence Sauna to cease use of the name Empower for the saunas it was selling.

13.     Sunlighten previously held a U.S. trademark registration for the mark EMPOWERING WELLNESS in connection with, inter alia, "saunas."

14.     The EMPOWERING WELLNESS mark was registered January 18, 2011 as Registration No. 3,909,091 with the U.S. Patent and Trademark Office ("USPTO"), but this registration was subsequently cancelled by the USPTO on August 20, 2021 for failure to submit the necessary renewal filing.

15.     As of November 2019, Sunlighten did not have any trademark registration or pending trademark application for the mark EMPOWER.

16.     As of January 27, 2020, Sunlighten did not have any trademark registration or pending trademark application for the mark EMPOWER.

17.     Sunlighten used Empower in connection with one of five models of its mPulse® sauna line.

18.     The five models were, using the letters A through E, Aspire, Believe, Conquer, Discover, and Empower (as pictured below).



19.   The Sunlighten mPulse® Empower sauna identified its largest mPulse® sauna capable of fitting 5-persons.

IV.

The following facts, though not admitted, will not be contested at trial by evidence to the contrary: None.

V.

The following are the issues of fact to be tried and determined at trial.

**A.  Plaintiff's Statement of the Issues of Fact:**

1.   The total amount of damages for trademark infringement to be awarded to Sunlighten.

2.   Whether Finnmark's use of the Empower name was willful.

3.   Whether Sunlighten should be awarded its attorney's fees.

4.   Whether a permanent injunction should issue prohibiting Finnmark from using Empower or any name confusingly similar to Empower for saunas.

**B.  Defendant's Statement of the Issues of Fact:**

**1.  Trademark Infringement**

a)   Whether Sunlighten held a protectible mark in the unregistered name Empower as applied to saunas during the November 2019 – January 2020 timeframe.

b)   Whether Sunlighten used the name Empower as a trademark in connection with saunas during the November 2019 – January 2020 timeframe.

c)   Whether Sunlighten ceased using the name Empower in connection with saunas in December 2021.

d)   Whether there was a likelihood of consumer confusion arising from the use of the name Empower by Finnmark and Influence Sauna in connection with the sale of saunas during the November 2019 – January 2020 timeframe.

e)   The strength of Sunlighten's purported Empower mark, as a factor in assessing likelihood of consumer confusion.

f)   The proximity or relatedness of the products, as a factor in assessing likelihood of consumer confusion.

g)   Similarity of the parties' trademarks, as a factor in assessing likelihood of consumer confusion.

h)   Whether the use of the trademarks in commerce has led to actual confusion, as a factor in assessing likelihood of consumer confusion.

i)   The marketing channels used, as a factor in assessing likelihood of consumer confusion.

j)   The degree of care likely to be exercised by consumers, as a factor in assessing likelihood of consumer confusion.

k)   Defendant's intent in selecting the name Empower, as a factor in assessing likelihood of consumer confusion.

l)   Defendant's likelihood of expansion, as a factor in assessing likelihood of consumer confusion.

**2.     Disgorgement of Finnmark's Profits**

a)   Whether the use of the name Empower by Finnmark and Influence Sauna for its saunas provided any benefit in the sales of such saunas.

b)   Whether the adoption of the name Empower by Finnmark and Influence Sauna was done with an intent to cause consumer confusion with Sunlighten's saunas.

c)   Whether Finnmark knew of Sunlighten's use of the name Empower in connection with one of Sunlighten's sauna models.

d)   Whether Finnmark knew that Sunlighten claimed trademark rights to the name Empower in connection with saunas.

e)   Whether Finnmark was willfully blind regarding Sunlighten's use of the name Empower in connection with one of Sunlighten's sauna models.

### 3.       Amount of Finnmark's Profits During Relevant Timeframe

a)   Whether after accounting for Finnmark's indirect costs, such as overhead and general and administrative costs, Finnmark had no net profit on the sauna sales occurring during the relevant timeframe.

VI.

The following are the issues of law to be tried and determined at trial.

**A.  Plaintiff's Statement of the Issues of Law:**

**1.       Unfair Competition and False Designation of Origin – 15 U.S.C. § 1125(a)**

a)       Whether Finnmark attempted to trade on Sunlighten's long-standing and hard-earned goodwill in its Empower trademark, and the reputation established by Sunlighten in connection with its saunas in order to confuse consumers as to the origin and sponsorship of Finnmark's saunas to pass off its products as those of Sunlighten;

b)       Whether Finnmark's unauthorized and tortious conduct has deprived and will continue to deprive Sunlighten of the ability to control the consumer perception of its saunas, placing the valuable reputation and goodwill of Sunlighten in the hands of Defendant;

c)       Whether Finnmark's conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with Sunlighten as to the origin, sponsorship or approval of Defendant and its products, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a);

d)       Whether as a result of Finnmark's aforesaid conduct, Sunlighten has suffered damage, as well as the continuing loss of the goodwill and reputation established by Sunlighten in its mark;

e)       Whether this continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Sunlighten has no adequate remedy at law;

f)       Whether Sunlighten will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct under 15 U.S.C. § 1116.

12

**2.     Violation of Nevada Deceptive Trade Practices Nevada Revised Statute 598**

a)     Whether Finnmark has engaged in unfair competition by intentionally using Sunlighten's Empower mark to trade on Sunlighten's long-standing and hard-earned goodwill in its mark, as well as in order to confuse consumers as to the origin and sponsorship of Defendant's goods and to pass its products off as those of Sunlighten;

b)     Whether Finnmark's conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant and its goods with Sunlighten, and as to the origin, sponsorship or approval of Defendant and its products;

c)     Whether Finnmark had direct and full knowledge of Sunlighten's prior use of and rights in its mark before the acts complained of herein;

d)     Whether Finnmark's unlawful and unfair conduct has led to a material diminution of the reputation and goodwill established by Sunlighten in its Empower trademark;

e)     Whether Finnmark has engaged in deceptive trade practices as defined by NRS 598.0915(3) by knowingly using the term "Empower" in association with the sale of its saunas;

f)     Whether as a result of Finnmark's aforesaid conduct, Sunlighten has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by Sunlighten in its Empower trademark;

g)     Whether this continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Sunlighten has no adequate remedy at law.

**3.   Trademark Infringement and Unfair Competition under Nevada Common Law**

a)     Whether Finnmark has deliberately and willfully attempted to trade on Sunlighten's long standing and hard-earned goodwill in its Empower trademark and the reputation Sunlighten established in connection with its saunas, as well as to confuse consumers as to the origin and sponsorship of Finnmark's goods and to pass them off as those of Sunlighten;

b) Whether Finnmark's unauthorized and tortious conduct has also deprived and will continue to deprive Sunlighten of the ability to control the consumer perception of its products and offered under Sunlighten's Empower trademark, placing the valuable reputation and goodwill of Sunlighten in the hands of Defendant;

c) Whether Finnmark's conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with Sunlighten, and as to the origin, sponsorship or approval of Defendant and its products in violation of Nevada common law;

d) Whether as a result of Finnmark's aforesaid conduct, Sunlighten has suffered damages, as well as the continuing loss of the goodwill and reputation established by Sunlighten in its Empower trademark;

e) Whether this continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Sunlighten has no adequate remedy at law;

f) Whether Sunlighten will continue to suffer irreparable harm unless this Court enjoins Finnmark's conduct.

**B. Defendant's Statement of the Issues of Law:**

**1. Trademark Infringement**

a) Whether Sunlighten held a protectible mark in the unregistered name Empower as applied to saunas during the November 2019 – January 2020 time frame.

b) Whether there was a likelihood of consumer confusion arising from the use of the name Empower by Finnmark and Influence Sauna for the saunas it sold from November 2019 – January 2020

**2. Disgorgement**

a) Whether Sunlighten has shown that, as a matter of equity, it is entitled to the disgorgement of Finnmark's profits related to the sales of saunas by Finnmark and Influence Sauna from November 2019 – January 2020.

**3. Injunctive Relief**

a) Whether Sunlighten has shown that, as a matter of equity, it is entitled to a permanent injunction, and the appropriate scope of such an injunction.

VII.

(a) The following exhibits are stipulated into evidence in this case and may be so marked by the clerk: TBD[1]

(b) The following exhibits, the party against whom the same will be offered objects to their admission on the grounds stated:

(1) Set forth the Plaintiff's exhibits and objections to them. *See* attached **Exhibit A**.

(2) Set forth the Defendant's exhibits and objections to them. *See* attached **Exhibit B**.

(c) Electronic evidence:  The parties do not intend to present electronic evidence.  The parties do intend to utilize courtroom technology to view electronic versions of the trial exhibits and any demonstratives, but also will provide paper copies pursuant to the Court's procedures.

(d) Depositions:

(1) Plaintiff will offer the following depositions:

David Floyd Shurtleff, 22:19 – 24:15; 88:8 – 90:15; 91:2 – 92:7

Garett Gordon

(2) Defendant will offer the following depositions:

| Witness | Page/Line Designation |
| --- | --- |
| Sunlighten's 30(b)(6)   Witness (Aaron Zack) | 125:9 – 125:19; 205:18 – 206:25; 207:1 – 25; 209:1 – 19; 210:3 – 211:22; 212:1-4; 212:25 – 213:7 |

---

[1] During preparations for trial, counsel shall meet, confer, pre-mark, and exchange all trial exhibits. At least three business days prior to trial, counsel must notify the Courtroom Administrator that the exhibits have been pre-marked and supply an original and one copy of a complete exhibit list of all exhibits.

(e)  Objections to Depositions:

   (1)  Defendant objects to plaintiff's depositions as follows:

      Defendant objects to David Floyd Shurtleff 88:8 – 90:15 and 91:2 – 92:7 on the basis of FRE 403.

      Defendant reserves the right to object to Plaintiff's specific designations of the deposition of Garett Gordon once Plaintiff has so designated.

   (2)  Plaintiff objects to defendant's depositions as follows:

      Plaintiff objects to defendant's designations of Aaron Zack under FRE 403 as Aaron Zack will be present to give live testimony at trial.


VIII.

The following witnesses may be called by the parties at trial:

(a)  Provide names and addresses of Plaintiff's witnesses:

   (1)  Aaron Zack, 7373 West 107th Street, Overland Park, Kansas 66212

   (2)  Connie Zack, 7373 West 107th Street, Overland Park, Kansas 66212

   (3)  Doug Vandervalk, 7373 West 107th Street, Overland Park, Kansas 66212

   (4)  Garett Gordon, 6231 McLeod Drive, Suite A, Las Vegas, Nevada 89120

   (5)  Robyn Openshaw, 3750 Lariat Road, Park City, Utah 84098

(b)  Provide names and addresses of Defendant's witnesses.

   (1)  Garett Gordon, 6231 McLeod Drive, Suite A, Las Vegas, Nevada 89120

   (2)  Won Lee, 3303 Stone Point Way, Buford, Georgia 30519


IX.

The attorneys or parties have met and jointly offer these three trial dates:

October 16, 2023; November 13, 2023; January 29, 2024

It is expressly understood by the undersigned that the court will set the trial of this matter on one of the agreed-upon dates if possible, if not, the trial will be set at the convenience of the court's calendar.

X.

It is estimated that the trial will take a total of 2-3 days.

APPROVED AS TO FORM AND CONTENT:

By: */s/ James J. Kernell*
    James J. Kernell *(Pro Hac Vice)*
    Kansas Bar No. 19559
    Kyle D. Donnelly, Esq. *(Pro Hac Vice)*
    Kansas Bar No. 25531
    **AVEK IP, LLC**
    8900 State Line Road, Suite 500
    Leawood, Kansas 66206
    Telephone:  (913) 549-4700
    Facsimile:  (913) 549-4646
    Email:  jkernell@avekip.com
        kdonnelly@avekip.com

    Jonathan D. Blum
    Nevada Bar No. 09515
    **WILEY PETERSEN**
    1050 Indigo Drive, Suite 200B
    Las Vegas, Nevada 89145
    Telephone:  (702) 910-3329
    Facsimile:  (702) 553-3467
    Email:  jblum@wileypetersenlaw.com

    *Attorneys for Plaintiff Sunlighten, Inc.*

By: */s/Ryan Gile*
    Ryan Gile
    Nevada Bar No. 8807
    **GILE LAW GROUP LTD.**
    1180 N. Town Center Drive, Suite 100
    Las Vegas, Nevada 89144
    Telephone:  (702) 703-7288
    Email:  rg@gilelawgroup.com

    *Attorney for Defendant*
    *Finnmark Designs, LLC*

XI.

ACTION BY THE COURT

The case is set for court trial on the stacked calendar on <u>November 13, 2023</u> at 9:30 a.m.  Calendar call will be held on November 2, 2023 at 9:30 a.m. in courtroom 6B.


DATED:  <u>4/24/2023</u>


_____

U.S. District Judge Cristina D. Silva

# EXHIBIT A

JONATHAN D. BLUM, ESQ.
Nevada Bar No. 09515
**WILEY PETERSEN**
1050 Indigo Drive, Suite 200B
Las Vegas, Nevada 89145
Telephone:  (702) 910-3329
Facsimile:  (702) 553-3467
Email:  jblum@wileypetersenlaw.com

-and-

JAMES J. KERNELL, ESQ. *(Pro Hac Vice)*
Kansas Bar No. 19559
KYLE D. DONNELLY, ESQ. *(Pro Hac Vice)*
Kansas Bar No. 25531
**AVEK IP, LLC**
8900 State Line Road, Suite 500
Leawood, Kansas 66206
Telephone :  (913) 549-4700
Facsimile :  (913) 549-4646
Email :   jjk@kcpatentlaw.com
          kdd@kcpatentlaw.com

*Attorneys for Plaintiff Sunlighten, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SUNLIGHTEN, INC., | Case No.: 2:20-cv-00127-JAD-EJY |
| Plaintiff, | |
| v. | **PLAINTIFF SUNLIGHTEN, INC.'S TRIAL EXHIBIT LIST** |
| FINNMARK DESIGNS, LLC, | |
| Defendant. | |

1

| BATES NUMBER | DESCRIPTION | OBJECTION |
|---|---|---|
| FINNMARK-0426 (AEO) | Sauna Orders Nov 2019-Jan 2020 | |
| SUNLIGHTEN-000321 through SUNLIGHTEN-000324 | Screenshot titled "Empower Hybrid Full Spectrum Sauna" from Finnmark web site dated 1/8/2020 | |
| SUNLIGHTEN-001258 through SUNLIGHTEN-001334 | Sunlighten brochures | FRE 403 (Cumulative) |
| SUNLIGHTEN-001335 | Email from Laurie Roman to Connie Zack | FRE 801/802 (Hearsay) |
| SUNLIGHTEN-001337 | Sunlighten press release regarding mPulse sauna appearance on Dr. Oz show | FRE 401/402 (Relevance); FRE 403 (Prejudicial; Confusion; Waste of Time; Cumulative) |
| SUNLIGHTEN-001482 | Article entitled "Warm Your Heart with a Sunlighten" by Julie Powell | FRE 401/402 (Relevance); FRE 403 (Prejudicial; Confusion; Waste of Time; Cumulative); FRE 801/802 (Hearsay); FRE 901 (Authenticity) |
| SUNLIGHTEN-001483 through SUNLIGHTEN-001484 | Article entitled "The Athlete's Chiropractor Talks Infrared Sauna Therapy" by Alex Muniz | FRE 401/402 (Relevance); FRE 403 (Prejudicial; Confusion; Waste of Time; Cumulative); FRE 801/802 (Hearsay); FRE 901 (Authenticity) |
| SUNLIGHTEN-001488 through SUNLIGHTEN-001490 | Article entitled "Bob Greene on Getting 20 Years Younger with Infrared Sauna Therapy and Other Health Secrets" by Kim Henderson | FRE 401/402 (Relevance); FRE 403 (Prejudicial; Confusion; Waste of Time; Cumulative); FRE 801/802 (Hearsay); FRE 901 (Authenticity) |
| SUNLIGHTEN-001491 through SUNLIGHTEN-001496 | Emailed dated 3/1/2011 from Erin Roscetti to Sunlighten regarding European launch of The mPulse Series | FRE 401/402 (Relevance); FRE 403 (Prejudicial; Confusion; Waste of Time; Cumulative) |
| SUNLIGHTEN-001497 | Photo of Sunlighten booth | FRE 401/402 (Relevance); FRE 403 (Prejudicial; Confusion; Waste of Time; Cumulative) |
| SUNLIGHTEN-001505 through SUNLIGHTEN-001508 | Email dated 10/4/2011 from Steve Heykers to Aaron Zack announcing mPulse sauna as winner of 2011 innovation award | FRE 401/402 (Relevance); FRE 403 (Prejudicial; Confusion; Waste of Time; Cumulative) |

| | at Professional Beauty and Wellness trade show | |
|---|---|---|
| SUNLIGHTEN-001509 | Article entitled "Jordan Rubin's Hot Health Secret—Infrared Sauna Therapy" by Jordan Rubin | FRE 401/402 (Relevance); FRE 403 (Prejudicial; Confusion; Waste of Time; Cumulative); FRE 801/802 (Hearsay); FRE 901 (Authenticity) |
| SUNLIGHTEN-001516 through SUNLIGHTEN-001517 | "The Doctors" television show episode synopsis featuring mPulse bELIEVE sauna | FRE 401/402 (Relevance); FRE 403 (Prejudicial; Confusion; Waste of Time; Cumulative) |
| SUNLIGHTEN-001519 | Article entitled "Sweat Your Way to Sexy" by Jennifer Stevens | FRE 401/402 (Relevance); FRE 403 (Prejudicial; Confusion; Waste of Time; Cumulative); FRE 801/802 (Hearsay); FRE 901 (Authenticity) |
| SUNLIGHTEN-001520 through SUNLIGHTEN-001521 | Letter dated 1/22/2020 from James Kernell to Robyn Openshaw regarding sales of Finnmark infringing saunas | |
| SUNLIGHTEN-001522 | Sunlighten brochure for mPulse® Aspire sauna | |
| SUNLIGHTEN-001523 | Sunlighten brochure for mPulse® Believe sauna | |
| SUNLIGHTEN-001524 | Sunlighten brochure for mPulse® Conquer sauna | |
| SUNLIGHTEN-001525 | Sunlighten brochure for mPulse® Discover sauna | |
| SUNLIGHTEN-001526 | Sunlighten brochure for mPulse® Empower sauna | |
| SUNLIGHTEN-001633 through SUNLIGHTEN-001636 | Sunlighten's EMPOWERING WELLNESS U.S. Trademark/ Service Mark Certificate of Registration No. 3,909,091, registered 1/18/2011 | FRE 403 (Cumulative) |
| **CONFIDENTIAL** SUNLIGTHEN-001653 through SUNLIGHTEN-001654 | Email dated 1/25/2021 from Joseph Rapisarda to Aaron Zack providing data regarding known sales lost to Influence | FRE 401/402 (Relevance); FRE 403 (Prejudicial; Confusion; Waste of Time; Cumulative); FRE 602 (Foundation); FRE 801/802 (Hearsay) |

# EXHIBIT B

**DEFENDANT'S EXHIBITS**

| BEG. BATES | END BATES | DESCRIPTION | OBJECTION |
|---|---|---|---|
| FINNMARK-0075 | FINNMARK-0076 | Photos from Sunlighten website. | |
| SUNLIGHTEN-001522 | SUNLIGHTEN-001522 | Fact Sheet for mPulse® Aspire by Sunlighten | |
| SUNLIGHTEN-001523 | SUNLIGHTEN-001523 | Fact Sheet for mPulse® Believe by Sunlighten | |
| SUNLIGHTEN-001524 | SUNLIGHTEN-001524 | Fact Sheet for mPulse® Conquer by Sunlighten | |
| SUNLIGHTEN-001525 | SUNLIGHTEN-001525 | Fact Sheet for mPulse® Discover by Sunlighten | |
| SUNLIGHTEN-001526 | SUNLIGHTEN-001526 | Fact Sheet for mPulse® Empower by Sunlighten | |
| SUNLIGHTEN-001479 | SUNLIGHTEN-001481 | Webpages listing Sunlighten trademarks and patents | |
| SUNLIGHTEN1645 | SUNLIGHTEN-01646 | U.S. Trademark Registration No. 4,150,495 for mPulse. | Objected to under FRE 401, 402 and 403 as irrelevant, unfairly prejudicial, confusing the issues, and wasting time |
| FINNMARK-0352 | FINNMARK-0354 | Email from Sunlighten to gordonfamilyinc@gmail.com dtd. December 27, 2021 indicating mPulse Empower model being discontinued. | Objected to under FRE 403 as unfairly prejudicial, confusing the issues, and wasting time; Hearsay under FRE 801 and 802 |
| FINNMARK-0355 | FINNMARK-0360 | Screenshots from Sunlighten's website, dtd. Jul. 19, 2022, showing four models of Sunlighten's mPulse sauna line. | Objected to under FRE 401, 402 and 403 as irrelevant, unfairly prejudicial, confusing the issues, and wasting time |

| FINNMARK-0189 | FINNMARK-0209 | Screenshots from Finnmark's website and brochures of Finnmark saunas | |
|---|---|---|---|
| SUNLIGHTEN-000404 | SUNLIGHTEN-000406 | Cease and Desist to Finnmark Design from Erickson Kernell dtd January 21, 2020 | Objected to under FRE 403 as unfairly prejudicial, confusing the issues, and wasting time; Hearsay under FRE 801 and 802 |
| FINNMARK-0417 | FINNMARK-0423 | 2019 Exclusive Manufacturing Contract between Finnmark Designs, LLC and Influence Brands, dtd. Sep. 5, 2019. **(CONFIDENTIAL – AEO)** | Objected to under FRE 401, 402 and 403 as irrelevant, unfairly prejudicial, confusing the issues, wasting time, and produced after the close of discovery |
| FINNMARK-0426 | FINNMARK-0426 | Influence Orders – November 2019 – January 2020. **(CONFIDENTIAL – AEO)** | Object to title of exhibit as misleading |
| FINNMARK-0427 | FINNMARK-0427 | Listing of direct sales of Saunas from November 2019 – January 2020. **(CONFIDENTIAL – AEO)** | Object to title of exhibit as misleading |
| FINNMARK-0361 | FINNMARK-0361 | Finnmark Designs, Profit and Loss Statement for 2019-January 20, 2020 **(CONFIDENTIAL – AEO)** | Objected to under FRE 403 as unfairly prejudicial, confusing the issues, wasting time, incomplete and produced after the close of discovery |
| FINNMARK-0408 | FINNMARK-0415 | Documentation re Won Lee trip to China, dtd. Sep. 13, 2019 **(CONFIDENTIAL – AEO)** | Objected to under FRE 401, 402 and 403 as irrelevant, unfairly |

| | | | prejudicial, confusing the issues, wasting time, and produced after the close of discovery |
|---|---|---|---|
| FINNMARK-0366 | FINNMARK-0394 | Lease Agreement between Harsch Investment Properties and Finnmark Designs, dtd October 29, 2019. **(CONFIDENTIAL – AEO)** | Objected to under FRE 401, 402 and 403 as irrelevant, unfairly prejudicial, confusing the issues, wasting time, and produced after the close of discovery |
| FINNMARK-0362 | FINNMARK-0362 | Invoice from New Pacific Alliance to Finnmark Designs, showing costs associated with sauna imported by Finnmark **(CONFIDENTIAL – AEO)** | Objected to under FRE 401, 402 and 403 as irrelevant, unfairly prejudicial, confusing the issues, wasting time, and produced after the close of discovery |
| FINNMARK-0363 | FINNMARK-0365 | Modeling Contract, dtd Nov. 1, 2019 between ModelingStop, LLC and Finnmark Designs. **(CONFIDENTIAL– AEO)** | Objected to under FRE 401, 402 and 403 as irrelevant, unfairly prejudicial, confusing the issues, wasting time, and produced after the close of discovery |
| FINNMARK-0395 | FINNMARK-0395 | Invoice from New Pacific Alliance to Finnmark, dtd. Jan. 10, 2020 for services from two people. **(CONFIDENTIAL – AEO)** | Objected to under FRE 401, 402 and 403 as irrelevant, unfairly prejudicial, confusing the issues, wasting time, and produced after the close of discovery |

| FINNMARK-0396 | FINNMARK-0396 | Invoice from New Pacific Alliance to Finnmark, dtd. Nov. 18, 2019 for annual import bond. **(CONFIDENTIAL – AEO)** | Objected to under FRE 401, 402 and 403 as irrelevant, unfairly prejudicial, confusing the issues, wasting time, and produced after the close of discovery |
|---|---|---|---|
| FINNMARK-0397 | FINNMARK-0397 | Invoice from Won Lee to Finnmark, dtd. Dec. 11, 2019, for Consulting Fee and Warehouse consulting fee. **(CONFIDENTIAL -AEO)** | Objected to under FRE 401, 402 and 403 as irrelevant, unfairly prejudicial, confusing the issues, wasting time, and produced after the close of discovery |
| FINNMARK-0398 | FINNMARK-0398 | Invoice from Won Lee to Finnmark, dtd. Dec. 12, 2019, for UHaul Rentals, sample charges, and other items. **(CONFIDENTIAL – AEO)** | Objected to under FRE 401, 402 and 403 as irrelevant, unfairly prejudicial, confusing the issues, wasting time, and produced after the close of discovery |
| FINNMARK-0399 | FINNMARK-0399 | Invoice from QingDao Songduk Foods to Finnmark, dtd. Dec. 11, 2109, for inspection fee on first 200 units. **(CONFIDENTIAL – AEO)** | Objected to under FRE 401, 402 and 403 as irrelevant, unfairly prejudicial, confusing the issues, wasting time, and produced after the close of discovery |
| FINNMARK-0400 | FINNMARK-0400 | Invoice from New Pacific Alliance to Finnmark, dtd. Jan. 3, 2020, for services of two people and packaging. **(CONFIDENTIAL – AEO)** | Objected to under FRE 401, 402 and 403 as irrelevant, unfairly prejudicial, confusing the issues, wasting time, and produced after the close of discovery |

| FINNMARK-0401 | FINNMARK-0401 | Invoice from New Pacific Alliance to Finnmark, dtd. Jan. 3, 2020 for services of two people. **(CONFIDENTIAL – AEO)** | Objected to under FRE 401, 402 and 403 as irrelevant, unfairly prejudicial, confusing the issues, wasting time, and produced after the close of discovery |
|---|---|---|---|
| FINNMARK-0402 | FINNMARK-0402 | Invoice from New Pacific Alliance to Finnmark, dtd. Jan. 14, 2020 for trucking charges. **(CONFIDENTIAL – AEO)** | Objected to under FRE 401, 402 and 403 as irrelevant, unfairly prejudicial, confusing the issues, wasting time, and produced after the close of discovery |
| FINNMARK-0403 | FINNMARK-0407 | Invoices from Uline to Finnmark for 5 orders of packaging materials. **(CONFIDENTIAL – AEO)** | Objected to under FRE 401, 402 and 403 as irrelevant, unfairly prejudicial, confusing the issues, wasting time, and produced after the close of discovery |
| FINMMARK-0416 | FINMMARK-0416 | ProForma Invoice from Jiangsu Kangnuo Far-Ir Equipment Co. to Finnmark, dtd. Aug. 6, 2019 for a sauna. **(CONFIDENTIAL – AEO)** | Objected to under FRE 401, 402 and 403 as irrelevant, unfairly prejudicial, confusing the issues, wasting time, and produced after the close of discovery |